UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DELTA L. EADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-339-TRM-MJD |
| | ) | |
| AMERICAN TOWING | ) | |
| & RECOVERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Delta L. Eady. Plaintiff's claims relate to the storage and repair (or lack thereof) of his semi-truck. He is suing American Towing and Recovery ("ATR"); as well as its owner Gregory Black, manager Aaron Black, and three additional employees, Michael Otto, John Doe, and Jane Doe.

On March 10, 2025, the Court entered an order [Doc. 22] granting Plaintiff permission to proceed *in forma pauperis* ("IFP"), and screening Plaintiff's complaint as required by 28 U.S.C. § 1915(e) and applicable standards. The Court found Plaintiff failed to establish a basis for federal court jurisdiction because although he was relying on diversity jurisdiction, 28 U.S.C. § 1332, he did not properly plead the citizenship of the Individual Defendants nor did he make the disclosures required by Federal Rule of Civil Procedure 7.1 as to ATR. Rather than recommend dismissal, the Court granted Plaintiff an opportunity to amend his complaint and attempt to address these and any other deficiencies with his claims as drafted [Doc. 22].

Plaintiff timely filed a Verified Amended Complaint [Doc. 25], which the Court screened as required by § 1915(e). The Court recommended Plaintiff be permitted to proceed on his claims asserted in the Verified Amended Complaint as to Defendants ATR, Gregory Black, and Aaron

Black, but that claims against Defendants Michael Otto, John Doe, and Jane Doe be dismissed without prejudice [Doc. 26]. Plaintiff did not file an objection to the report and recommendation; however, he did file a 2nd Verified Amended Complaint on April 14, 2025 [Doc. 27], along with an amended Rule 7.1. disclosure statement [Doc. 28].[1]

The Amended Complaint alleges the same facts and causes of action as the 2nd Verified Amended Complaint.[2] As Plaintiff indicates on page three of the 2nd Verified Amended Complaint, the primary difference between the two versions is that Plaintiff now asserts ATR "does not exist as a registered business entity," such that "all references to ATR shall refer to the unregistered business activities of Gregory Black, individually and doing business as American Towing and Recovery." [Doc. 27 at Page ID # 148]. This is likewise the only change to Plaintiff's Rule 7.1. disclosure statement. [*See* Doc. 24 & Doc. 28]. In addition, Plaintiff now requests a specific dollar amount in damages ($634,000). Neither of these changes impact the Court's

---

[1] Plaintiff also filed a Motion for Writ of Attachment and Temporary Restraining Order (Ex Parte) [Doc. 29], and a document titled, "Rule 65(b)(1)(B) Certification of Delta L. Eady." [Doc. 30]. This report and recommendation does not address the merits of these filings, as they should be addressed only if the Court adopts this report and recommendation and allows Plaintiff's claims as to Gregory Black, individually and d/b/a American Towing and Recovery, and Aaron Black to proceed.

[2] All causes of action from the Verified Amended Complaint were not listed in the April 11 report and recommendation [Doc. 26]; however, all causes of action were considered. The causes of action not listed are: "Count VI – Negligent Infliction of Emotional Distress," "Count VII – Abuse of a Disabled Person (T.C.A. § 71-6-120 et seq.)," "Count VIII – Unfair and Deceptive Trade Practices (T.C.A. § 47-18-101 et seq.)," "Count IX – Civil Theft," "Count X – Unauthorized Towing and Towing Law Violations," "Count XI – Trespass to Chattels," "Count XII – Negligent Supervision and Training," and "Count XIII – Breach of the Implied Duty of Good Faith and Fair Dealing." [*See* Doc. 25 at Page ID # 134–35; Doc. 27 at Page ID # 149–50].

analysis as set forth in the April 11 report and recommendation, which is hereby incorporated by reference.[3]

Accordingly, the Court **RECOMMENDS**[4] Plaintiff's claims against Defendants Michael Otto, John Doe, and Jane Doe be **DISMISSED WITHOUT PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff be permitted to proceed on his claims against Defendant Gregory Black, individually and d/b/a American Towing and Recovery, and Defendant Aaron Black. The Clerk is respectfully directed not to issue process until further order of the Court.

Plaintiff is **NOTIFIED** the Court will not consider any further requests for relief, including any request to amend his 2nd Verified Amended Complaint, until after the presiding District Court Judge rules on the recommendations made herein. Any such requests for relief are subject to being summarily denied without further notice to Plaintiff. In addition, nothing herein should be interpreted as a finding that Plaintiff is likely to prevail on the merits of any of his claims at the dispositive motion stage or at trial.

ENTER: /s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[3] The applicable standards for screening complaints under § 1915(e) are set forth in the Court's prior order at Doc. 22 and report and recommendation and Doc. 26. It is unnecessary to repeat those standards herein and the Court declines to do so. Similarly, the Court declines to repeat Plaintiff's factual allegations and causes of action, which are detailed in the April 11 report and recommendation [Doc. 26].

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).