# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| DELTA L. EADY, | ) | |
| | ) | Case No. 1:24-cv-339 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| AMERICAN TOWING & RECOVERY, et al, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Delta L. Eady, proceeding pro se, initiated this action on October 17, 2024, and later filed his second amended complaint on April 14, 2025. Plaintiff alleges that he contacted Defendant American Towing & Recovery ("ATR") for assistance in towing his semi-truck to a repair shop, and he brings multiple claims relating to what he alleges is "a pattern of egregious misconduct involving the retention, misrepresentation, and malicious obstruction of access to Plaintiff's semi-truck." (Doc. 27, at 1.)

Following his second amended complaint, on April 22, 2025, Plaintiff also filed as motion for a writ of attachment and for a temporary restraining order to preserve his assets. (Doc. 29.) Plaintiff represents that he "ultimately retrieved the truck after paying under protest and now fears Defendants will dissipate proceeds and other assets to frustrate judgment." (*Id.* at 3.) He further represents that "[p]ublic searches confirm" ATR is "not registered with the Tennessee Secretary of State and holds no county business license," such that he may be unable to recover from ATR later in the absence of the injunctions he requests, especially "if Defendants

transfer property to insiders or shell entities, a tactic reasonably inferred from their pattern of evasive conduct." (*Id.* at 2, 4.) Based on these considerations, Plaintiff requests that the Court issue the following injunctions:

1. A writ of attachment "directing the U.S. Marshal or other authorized officer to levy on all real and personal property titled to American Towing & Recovery, Gregory Black, and Aaron Black within the Eastern District of Tennessee, including but not limited to: a. Bank and creditunion accounts; b. Tow trucks, service vehicles, and towing equipment; c. Real estate located at 123 Sample Street, Chattanooga, Tennessee, and any leasehold interests therein; d. Accounts receivable and contract rights"; and

2. A temporary restraining order "prohibiting Defendants and anyone acting in concert with them from: a. Transferring, selling, concealing, or otherwise disposing of any assets, whether titled individually or jointly; b. Altering or destroying business records, invoices, surveillance footage, or electronic data relevant to this action."

(*Id.* at 4–5.)

Federal Rule of Civil Procedure 64 allows federal courts to impose every remedy available under the laws of the state where the court is located to secure satisfaction of a potential judgment. Under Tennessee law, "the property of a judgment debtor or defendant may be attached in enumerated statutory circumstances, including when the debtor or defendant resides out of state, has absconded, or has fraudulently disposed of or is about to fraudulently dispose of the property" and "[a]ttachment is available for unliquidated debts, except that, under the plain language of the statute, prejudgment attachment is expressly precluded when the only ground for such attachment is the out-of-state residence of the defendant." *Eberhard v. Physicians Choice Lab'y Servs., LLC*, No. 3:15-0156, 2016 WL 6432794, at *2 (M.D. Tenn. Oct. 31, 2016), *report and recommendation approved*, No. 3:15-CV-0156, 2016 WL 6833658 (M.D. Tenn. Nov. 21, 2016) (citing Tenn. Code Ann. §§ 29–6–101,102). The burden is on Plaintiffs to show by a preponderance of evidence that grounds for attachment exist and "allegations made in support of attachment must be based on something more than mere speculation." *Id*.

In this case, Plaintiff has provided little more than speculation that Defendants may fraudulently dispose of his property and, as a result, frustrate his ability to collect on a future judgment. While Plaintiff alleges he has learned from public searches that ATR may unregistered and lack a county business license, he provides no evidence of those searches. (*See* Doc. 29, at 2.) Furthermore, even were the Court convinced ATR were out of compliance with relevant registration and licensing requirements, that does not mean it "has fraudulently disposed of or is about to fraudulently dispose of" Plaintiff's assets, and Plaintiff has provided no evidence that such fraudulent disposal is imminent. *Eberhard*, 2016 WL 6432794, at *2. Therefore, Plaintiff's allegations are insufficient to satisfy his burden of demonstrating by a preponderance of the evidence that grounds for prejudgment attachment exist in this case. Accordingly, the Court will **DENY** Plaintiff's motion to the extent it seeks that the Court issue a prejudgment writ of attachment under Tennessee Code Annotated § 29-6-101, *et seq*.

The Court will also deny Plaintiff's request to issue a temporary restraining order freezing Defendants' assets for the purpose of securing satisfaction of any judgment he may ultimately obtain.[1] As the Supreme Court of the United States has explained, prior to entry of a

---

[1] The purpose of a temporary restraining order is to preserve and maintain the status quo for a very short period of time "so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). When reviewing motions for TROs, courts must consider the following: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Am. Imaging Servs., Inc. v. Eagle-Picher Indus.*, Inc., 963 F.2d 855, 858 (6th Cir. 1992)); *see also Midwest Retailer Associated, Ltd. v. City of Toledo*, 563 F. Supp. 2d 796, 802 (N.D. Ohio 2008) ("The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions."). These considerations are "factors to be balanced and not prerequisites that must each be satisfied" before relief may issue. *Eagle-Picher*, 963 F.2d at 859. Nor are they "rigid and unbending requirements"; rather, "[t]hese factors simply guide the discretion of the court." *Id*. The party seeking injunctive relief bears the burden of justifying such relief. *Id*. Because the Court cannot provide the relief Plaintiff

judgment, a creditor cannot invoke a court's equitable powers to freeze assets to be later used to satisfy a money judgment. *See Grupo Mexicano de Desarrolo S.A. v. Alliance Bond Fund, Inc.*, 427 U.S. 308, 323 (1999) (a party's unencumbered assets cannot be "frozen by general-creditor claimants before their claims have been vindicated by judgment"). Accordingly, Plaintiff's motion for writ of attachment and for a temporary restraining order (Doc. 29) is **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

seeks, it need not analyze whether he has otherwise met his burden for issuance of a temporary restraining order.