UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DELTA L. EADY, | ) | |
| | ) | Case No. 1:24-cv-339 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| AMERICAN TOWING & RECOVERY, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION & ORDER

Before the Court are three pending motions: (1) Plaintiff Delta L. Eady's motion for extension of time to file (Doc. 85); (2) Defendants' response in opposition and motion to dismiss (Doc. 86); and (3) Defendants' renewed motion to dismiss (Doc. 91). For the reasons set forth below, Plaintiff's motion (Doc. 85) will be **DENIED**, the Defendants' first motion to dismiss (Doc. 86) will be **GRANTED**, and the Defendants' renewed motion to dismiss (Doc. 91) will be **DENIED as moot**. This action will be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND & PROCEDURAL HISTORY

This case has a lengthy and complicated procedural history, much of which is of Plaintiff's own making, including Plaintiff's repeated failure to comply with the Federal Rules of Civil Procedure and this Court's specific instructions regarding pleadings and service.

### A. Initiation of the Case and IFP Proceedings

Plaintiff, proceeding pro se, initiated this action on October 17, 2024, filing a motion for leave to proceed in forma pauperis ("IFP") and a complaint asserting claims against Defendants American Towing & Recovery ("ATR"), Aaron Black, Gregory Black, Michael Otto, Jane Doe,

and John Doe.  (*See* Docs. 1, 2.)  Plaintiff's claims arose from the alleged wrongful retention of Plaintiff's semi-truck, escalating and inconsistent fee demands, and coerced execution of a release form in connection with events occurring between July and December 2023.  (*See generally* Docs. 2, 23, 27.)

Plaintiff's IFP application was deficient in several respects and required multiple rounds of supplemental briefing.  (*See, e.g.*, Doc. 8.)  After the Court entered an order identifying those deficiencies and directing Plaintiff to submit a corrected application, Plaintiff failed to do so within the prescribed time, prompting an Order to show cause.  (*See* Docs. 8, 9.)  Plaintiff eventually filed a second IFP motion on January 6, 2025.  (Doc. 15.)  Magistrate Judge Michael Dumitru initially recommended denying the second IFP motion on the grounds that Plaintiff's income appeared to exceed his expenses (*see* Doc. 19), but after reconsideration, determined Plaintiff qualified for IFP status and granted his second IFP motion on March 10, 2025.  (Doc. 22.)  In that order, the Court warned Plaintiff that "further failure to comply with applicable procedural and substantive requirements may result in dismissal of his case without further notice."  (*Id.* at 2–3.)

**B.  Screening of Plaintiff's Original Complaint and Order to Amend**

Simultaneously with ruling on the IFP motions, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).  (Doc. 22.)  The Court found that Plaintiff had failed to establish a basis for subject-matter jurisdiction.  (*Id.*)  Although Plaintiff invoked diversity jurisdiction under 28 U.S.C. § 1332, he did not properly plead the citizenship of individual defendants and failed to make the disclosures required by Federal Rule of Civil Procedure 7.1 as to ATR's business structure.  (*See id.* at 6–7.)  The Court also identified other deficiencies, including Plaintiff's reliance on a repealed Tennessee statute and his use of the "individual and

2

official capacity" framing applicable to § 1983 suits, which the Court explained was inappropriate given the purely private-party nature of the action.  (*See id.*)  However, rather than dismiss the suit, the Court granted Plaintiff leave to file an amended complaint by April 7, 2025, warning that failure to do so or to state a cognizable claim could result in dismissal.  (*Id.* at 7.)

### C.  The First and Second Amended Complaints and Screening

Plaintiff timely filed a verified amended complaint on April 9, 2025 (Doc. 25), which the Court again screened pursuant to § 1915(e) (Doc. 26).  Magistrate Judge Dumitru recommended that claims against Defendants Michael Otto, John Doe, and Jane Doe be dismissed without prejudice—Otto because the sole conduct alleged against him (destroying a release form) did not state a plausible claim, and the Doe defendants because their unknown citizenship made it impossible to confirm complete diversity.  (Doc.  26).  Magistrate Judge Dumitru further recommended that Plaintiff's claims against ATR, Gregory Black, and Aaron Black (collectively, the "ATR Defendants") be permitted to proceed.  (*Id.*)  Plaintiff filed no objection to that recommendation.

However, before the Court could act on the first report and recommendation, Plaintiff filed a second amended complaint on April 14, 2025, without the Court's leave or consent from the ATR Defendants.  (Doc. 27.)  The Court screened that pleading as well, and on May 16, 2025, Magistrate Judge Dumitru entered a second report and recommendation making the same recommendations with respect to the Does and Otto and permitting claims against the ATR Defendants to proceed.  (Doc. 31.)  On June 5, 2025, the District Court adopted both recommendations, dismissed Plaintiff's claims against Michael Otto, John Doe, and Jane Doe without prejudice, and designated the second amended complaint (Doc. 27) as the operative

pleading in the case. (*See* Doc. 33.) As of that date, the only remaining Defendants were the ATR Defendants. (*Id.*)

**D. The Unauthorized Third Amended Complaint**

On June 20, 2025—two weeks after the Court adopted the May 16 report and recommendation—Plaintiff filed a third amended complaint without leave of the Court and without consent from the ATR Defendants. (Doc. 34). That document attempted to add seven new defendants: 319 January, LLC; Wick Spears; Chattanooga, Impound Services, LLC; Larry Bailey; Mike Phillips; Thomas Hyde; and John Doe #1. (*Id.*) That same day, Plaintiff filed five additional associated motions and documents (Docs. 35, 36, 37, 38, 39) and three days later, filed an additional four documents (Docs. 41, 42, 43, 44).

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its complaint once as a matter of course under certain circumstances, but in all other cases requires leave of court or the opposing party's written consent. *See* Fed. R. Civ. P. 15(a)(2). By the time Plaintiff filed his third amended complaint (Doc. 34), he had already amended his pleading multiple times—two versions of a "first" amended complaint followed by a second amended complaint—all without obtaining leave. Therefore, Magistrate Judge Dumitru recommended striking the third amended complaint and declaring the summonses issued for the newly-named defendants null-and-void. (Doc. 69.) Plaintiff objected, arguing that the ruling violated his rights under the Americans with Disabilities Act and misapplied the service rules. (Doc. 71.) On November 12, 2025, the Court overruled Plaintiff's objection, adopted Magistrate Judge Dumitru's recommendation in full, and struck the third amended complaint. (Doc. 81.) Therefore, the operative complaint remained the April 14, 2025 (Doc. 27) complaint, and the only properly named Defendants remained the ATR Defendants.

### E. Service Disputes, Default Judgment Motion, and the Court's November 12 Order

At the same time of filing his third amended complaint, Plaintiff obtained summonses and, through the U.S. Marshals Service, attempted service on the newly-named defendants. (*See* Doc. 40.) On July 25, 2025, Plaintiff filed proofs of service reflecting that the ATR Defendants had been served on July 21, 2025. (*See* Docs. 46, 47, 48.) However, the documents served on the ATR Defendants were copies of the third amended complaint—the same document the Court would later strike. (*See* Docs. 73-1, 81.) To date, it appears the ATR Defendants were never served with the operative complaint (Doc. 27). (*See* Doc. 91.)

On August 15, 2025, the ATR Defendants filed an answer preserving their objection to the sufficiency of service of process. (Doc. 61.) Four days later, Plaintiff filed both an application for the Clerk to enter default and a motion for default judgment against the ATR Defendants, arguing they had failed to file a responsive pleading within twenty-one days. (*See* Docs. 65, 66.) On August 29, 2025, the ATR Defendants filed a response opposing default judgment and a motion to dismiss, arguing that Plaintiff never properly served them with the operative complaint. (Doc. 73.)

On November 12, 2025, the Court denied all three pending motions. (*See* Doc. 82.) Specifically, the Court denied Plaintiff's motion for default judgment because proper service is a prerequisite to an entry of default, and Plaintiff had served ATR Defendants with only the stricken third amended complaint. (*See id.*) Additionally, the Court denied the ATR Defendants' motion to dismiss because it found that given the procedural complexity of the case—particularly the pendency of the amendment and striking issues—there was good cause to extend the service period rather than dismiss the action. (*Id.*) The Court specifically ordered:

Eady is hereby **ORDERED** to effectuate service, including a copy of the operative complaint in this matter, on the ATR Defendants on or before **December 1, 2025**.

(*Id.* at 4 (emphasis in original).) This Order was unambiguous: Plaintiff was required to serve the ATR Defendants with a copy of the operative complaint (Doc. 27) by December 1, 2025.

### F. Plaintiff's Failure to Comply and the Pending Motions

Plaintiff did not comply with the Court's December 1 deadline. Instead of serving the ATR Defendants with the operative complaint, Plaintiff took a series of actions that, separately and collectively, failed to satisfy the Court's Order.

First, on December 3, 2025, Plaintiff filed a "motion for an extension of time to file motion to file second amended complaint" (Doc. 85), requesting "that the Court extend the deadline for filing a motion to amend the Second Amended Complaint." (*Id.* at 2.) In that same motion, Plaintiff represented that he was "re-serving" the ATR Defendants with the second amended complaint "out of an abundance of caution." (*Id.* at 5.) The ATR Defendants opposed the motion and renewed their motion to dismiss, arguing that Plaintiff had still not served them with the operative complaint (Doc. 27) by the Court's deadline and had not obtained their consent to file any further amended complaint. (*See* Doc. 86.)

Second, on December 18, 2025, Plaintiff filed what he styled as a "Verified Second Amended Complaint" (Doc. 88), along with a "Notice of Compliance with Court Order and Preservation of Rights Regarding Service (Doc. 89), and a "Certificate of Service" (Doc. 90). Plaintiff's notice of compliance stated that he "has re-filed the Verified Second Amended Complaint and is requesting service pursuant to the Court's Order." (Doc. 89, at 1.) The Certificate of Service stated that the newly filed "Verified Second Amended Complaint" was "hand delivered to the Corut Clerk and served on all counsel of record and/or parties by U.S. Mail." (Doc. 90, at 1.) However, an examination of the December 18 pleading (Doc. 88) reveals

6

it is not a "re-service" of the operative complaint (Doc. 27) but rather is a substantially revised and reorganized pleading—with revised jurisdictional allegations now invoking 28 U.S.C. §§ 1331 and 1367 rather than the diversity jurisdiction basis that has been the operative theory throughout this case.  (*See* Doc. 88, at 1.)  Consequently, this pleading is essentially a fourth version of Plaintiff's complaint, filed again without leave of Court or consent from Defendants.

On January 2, 2026, the ATR Defendants filed a response in opposition to Plaintiff's notice of compliance and verified second amended complaint, reasserting their motion to dismiss and arguing that Plaintiff once again has failed to comply with the Court's order, has filed yet another unauthorized amended complaint, and that dismissal is now warranted.  (*See* Doc. 91.) Plaintiff did not file a reply to either motion to dismiss and his time to do so has passed.

## II.      ANALYSIS

### A.  Plaintiff's Motion for Extension of Time

First, Plaintiff's motion for an extension of time to serve the operative complaint and to subsequently seek leave to file an amended complaint (Doc. 85) will be denied.

The Court's November 12 Order set a firm and explicit deadline of December 1, 2025, for Plaintiff to effectuate service of the operative complaint on the ATR Defendants.  (*See* Doc. 82, at 4.)  It also specified that the operative complaint in this case was the amended complaint filed on April 14, 2025 (Doc. 27).  (*See id.* at 2.)  That Order was itself an exercise of the Court's discretion to extend the service period under Federal Rule of Civil Procedure Rule 4(m) rather than dismiss the action.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . or order that service be made within a specified time.").  The Court's Order thus already represented a generous accommodation of Plaintiff's service failures.

Nevertheless, Plaintiff did not comply with the December 1, 2025 deadline, and his motion acknowledges as much, representing that he was "re-serving" the ATR Defendants as a precautionary measure and requesting additional time to seek leave to file yet another amended complaint. (*See* Doc. 85, at 2.) This is not the diligence that Federal Rule of Civil Procedure 4(m) envisions. *See* Fed. R. Civ. P. 4(m) (providing upon a showing of "good cause" for failure timely serve the complaint, a court should "extend the time for service for an appropriate period"). Here, Plaintiff has offered no explanation for why he could not serve the operative complaint—a document already on file and identified by docket number since April 2025—by the Court-ordered deadline.

Moreover, Plaintiff conflates two distinct issues. Service of the operative complaint and seeking leave to file yet another amended complaint are separate matters, and the Court's November 12 Order addressed only the former. (*See* Doc. 82, at 4.) The Court ordered service of the operative complaint (Doc. 27); it did not authorize or contemplate filing a new or revised complaint in lieu of that service.[1] (*See id.*) Plaintiff's motion, read in context with his December 18 filings (*see* Docs. 88, 89, 90) reveals that he did not intend to comply with the Court's Order at all but instead sought to replace the operative complaint with a new version before serving anything—a strategy that circumvents both Federal Rules of Civil Procedure 4 and 15.

The ATR Defendants correctly note that they have not consented to any further amendment of the complaint and that Plaintiff did not obtain leave of the Court for an additional

---

[1] Additionally, following its November 12 Order (Doc. 82), the Court explicitly clarified that it would not consider another amended complaint until Plaintiff served the ATR Defendants with the operative complaint in this case. (*See* Doc. 84, at 1 ("To the extent Plaintiff seeks leave to file an amended complaint, he may file a motion for leave to amend *after effectuating service*, including serving a copy of the operative complaint in this matter, on the ATR Defendants as previously ordered by the Court.") (emphasis added)).)

amendment.  (*See* Doc. 86, at 2–3.)  Given the history of this litigation—in which Plaintiff has filed at least four versions of his complaint, the third of which was stricken for violating Rule 15—the Court declines to grant further extensions that would enable continued non-compliance with Court orders and the Federal Rules of Civil Procedure, of which Plaintiff has already been warned on multiple occasions.  (*See* Doc. 22, at 2–3 (warning Plaintiff that "further failure to comply with applicable procedural and substantive requirements may result in dismissal of his case without further notice"); *see also* Doc. 69 (same).)  Accordingly, Plaintiff's motion for extension of time to serve and to amend his complaint (Doc. 85) is **DENIED**.

### B.  Plaintiff's Notice of Compliance

Additionally, on December 18, 2025, Plaintiff filed a "Notice of Compliance" in which he purports he has "re-served" the ATR Defendants with the operative complaint.  (*See* Doc. 89.)  However, the Court finds this characterization is incorrect, and despite its title, this notice does not in fact constitute compliance with the November 12 Order.  As discussed above, in that Order, the Court directed Plaintiff to serve "a copy of the operative complaint in this matter" on the ATR Defendants by December 1, 2025.  (Doc. 82, at 4.)  The same order specifies that "his second amended complaint (Doc. 27) remains the operative complaint in this case."  (Doc. 82, at 2.)

In his December 18 filings, Plaintiff claims that he has complied with the Court's order to serve Defendants by effecting service of the pleading filed on December 18, 2025 (Doc. 88).  (*See also* Docs. 89. 90.)  However, the complaint filed on December 18 (Doc. 88) is a materially different pleading from the Court-identified operative complaint (Doc. 27).  The factual allegations and claims are reorganized and reframed, and most significantly, the December 18 complaint invokes a completely different basis for jurisdiction—federal question and

supplemental jurisdiction—despite only asserting state law claims, thereby raising anew the very jurisdiction concerns discussed in the Court's initial screening orders.

Service of the operative complaint is the act of providing the defendant with a copy of the pleading already on file and designated as operative by the Court. It is not the filing of a new, substantively revised pleading styled with the same title. What Plaintiff filed on December 18 was not a copy of the operative complaint, but rather a newly amended complaint. ATR Defendants therefore correctly raise that compliance with the Court's Order (Doc. 82) required service of the original second amended complaint (Doc. 27) rather than this newly amended complaint.

## C. ATR Defendants' Motions to Dismiss

The ATR Defendants move to dismiss this action for failure to timely effectuate service of the operative complaint in accordance with the Court's November 12 Order. (Docs. 86, 91.) The Court will grant these motions.

As discussed, Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must either dismiss the action without prejudice or order service within a specified time, unless the plaintiff shows good cause for the failure. Where "good cause" exists, the court must extend the time for service for an appropriate period. *See* Fed. R. Civ. P. 4(m).

The Court has already extended the service deadline on a finding of good cause based on the procedural complexity of the case and Plaintiff's apparent confusion about which pleading constituted the operative complaint. (*See* Doc. 82, at 3–4.) That extension was not unlimited; it set a firm deadline. Plaintiff did not meet that deadline. He offers no cause for the failure and his motion, filed two days after the deadline had passed, does not acknowledge the lapse or

explain why service could not have been accomplished in the weeks between November 12 and December 1, 2025. Instead of serving the operative complaint, Plaintiff used that time to prepare, file, and serve a new and unauthorized amended complaint.

Consequently, the Court finds no basis for a further extension. The operative complaint was filed on April 14, 2025, yet the ATR Defendants have never been properly served with the operative complaint in the eleven months since its filing. The Court has provided Plaintiff with repeated opportunities to cure procedural deficiencies—granting IFP status, permitting multiple amendments to his complaint, declining to dismiss the action for service failures in November 2025—and issued explicit instructions on what was required to cure such deficiencies. (*See* Doc. 82, at 4.) Each accommodation has been met with non-compliance, unauthorized filings, and attempts to relitigate matters already decided. The Court has previously warned Plaintiff that further violations of the Federal Rules of Civil Procedure and Local Rules could result in dismissal of his case. (*See e.g.*, Doc. 69, at 4–5 (forewarning Plaintiff that continued violations will subject him to "sanctions, up to and including dismissal of this case, or referral for possible injunctive measures prohibiting Plaintiff from making future filings without obtaining prior permission from the Court").) Unfortunately, these warnings did not produce compliance.

The Sixth Circuit has recognized that district courts can dismiss claims without prejudice under Rule 4(m) when a plaintiff fails to show good cause for failure to serve and a further extension is not warranted under the circumstances. *See, e.g.*, *Blair v. Schievelhud*, No. 24-5072, 2024 WL 4806299, at *2 (6th Cir. Nov. 12, 2024) (citing Fed. R. Civ. P. 4(m)). The Court finds that Plaintiff has not provided any evidence of good cause for the delay. Accordingly, the ATR Defendants' motions to dismiss (Docs. 86, 91) are **GRANTED**.

# III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for extension of time (Doc. 85) is hereby **DENIED**. The ATR Defendants' first motion to dismiss (Docs. 86) is **GRANTED** and Defendants' second motion to dismiss (Doc. 91) is **DISMISSED as moot**. This action will be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely effectuate service of the operative complaint.[2]

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] Additionally, to the extent that the Plaintiff's December 18, 2025 filing styled as a "Verified Second Amended Complaint" (Doc. 88) may be construed as a motion for leave to amend, it is also **DENIED**.